**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAHMOUD ELMILLIGY,<br>Plaintiff,<br>v.<br>SOFIAN ABOU-SHANAB, *et al.*,<br>Defendants. | No. 25-cv-13475<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court are *pro se* plaintiff Mahmoud Elmilligy's ("Plaintiff") submission of a complaint against Sofian Abou-Shanab ("Abou-Shanab"), Itidal Mohamed ("Mohamed"), and Elkhalil Adam ("Adam") (collectively "Defendants") and his corresponding application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. ECF Nos. 1 ("Compl."), 5, 12. After considering his IFP application, the Court concludes that Plaintiff's financial condition renders payment of the $405.00 filing fee a hardship. Thus, the Court finds that Plaintiff qualifies for IFP status and grants his IFP application (ECF Nos. 5, 12).

Having granted his IFP application, the Court must screen Plaintiff's complaint *sua sponte* to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Hudson v. McGlynn*, No. 24-6729, 2025 WL 262151, at *1 (D.N.J. Jan. 22, 2025). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citation omitted). Thus, the Court will dismiss the complaint if it lacks "'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of a claim for relief." *Seana*, 506 F. App'x at 122 (citation omitted). Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen. of U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff alleges that he was "subjected to a campaign of religious coercion, psychological manipulation, and unlawful interference in his family and legal affairs by" Defendants. Compl. ¶ 7. In particular, Plaintiff alleges that after he disclosed incidents of domestic abuse, he turned to his religious community for support. *Id.* ¶ 8. But instead of receiving support, Plaintiff alleges that he received advice that ultimately led to "the destruction of [his] life, family, and reputation." *Id.* ¶ 11. For instance, Plaintiff alleges that Adam—"a spiritual leader" in Plaintiff's religious community—"falsely advised Plaintiff to divorce his wife," claiming falsely that divorce would provide Plaintiff with "full custody and financial protection." *Id.* ¶¶ 6, 9. Plaintiff also alleges that, presumably after acting on Adam's false advice, he again sought spiritual counsel from Adam, who told him that he could not offer "criminal advice" and suggested that Plaintiff "need[ed] a lawyer." *Id.* ¶ 10. Plaintiff also alleges that Abou-Shanab and Mohamed, who lived next to Plaintiff's "marital residence, participated in a scheme to destabilize Plaintiff's home" that involved "subject[ing] [Plaintiff] to repeated and fraudulent police interventions." *Id.* ¶¶ 11–12, 17. Plaintiff alleges that this scheme "defamed [him] within his religious community by falsely portraying him as immoral, dangerous, and undeserving of community support." *Id.* ¶ 17.

Based on these allegations, Plaintiff asserts five categories of claims. First, he brings claims under 42 U.S.C. § 1983 against all Defendants for conspiracy to deprive him of his civil rights, including "freedom of religion, familial integrity, equal protection, and due process." *Id.*

¶¶ 18–19. Second, he brings claims for "[r]eligious [c]oercion" in violation of the First Amendment against Adam, which the Court understands as arising under § 1983 as well. *Id.* ¶¶ 20–21. Third, he brings claims for "[w]itness [i]ntimidation and [t]ampering" against all Defendants. *Id.* ¶ 24. Fourth, he brings claims for civil conspiracy against Abou-Shanab and Mohamed. *Id.* ¶¶ 22–23. Fifth, he brings defamation claims against Abou-Shanab and Mohamed. *Id.* He seeks compensatory and punitive damages, injunctive relief against "further contact or coercion by Defendants," and legal fees and costs, as well as "other relief . . . the Court deems just and proper." *Id.* at 4–5.

The Court will dismiss Plaintiff's complaint for failure "to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). First, Plaintiff's claims under § 1983 fail because Plaintiff's allegations lack the requisite "showing of state action." *Gueson v. Feldman*, No. 00-1117, 2001 WL 34355662, at *10 (E.D. Pa. Nov. 30, 2001); *see P.K. ex rel. Koutzis v. Melleby*, No. 18-485, 2019 WL 4072114, at *7 (D.N.J. Aug. 28, 2019) (dismissing a § 1983 claim because plaintiff did not satisfy "his duty to allege state action"). "With a few exceptions, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities," and Plaintiff does not allege that any Defendant is a state actor. *Citizens for Health v. Leavitt*, 428 F.3d 167, 178 (3d Cir. 2005) (citation omitted). Instead, Plaintiff alleges that Defendants "incit[ed] . . . state and police involvement based on false pretense." Compl. ¶ 17; *see also id.* ¶ 12 (alleging "pre-staged 911 calls"); *id.* ¶ 22 (alleging that Defendants "support[ed] false police reports"). But these allegations do not satisfy § 1983's state action requirement. *See, e.g.*, *Bailey v. Harleysville Nat'l Bank & Tr.*, 188 F. App'x 66, 68 (3d Cir. 2006) ("[I]n the absence of a conspiracy with the police to violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor."); *Brownlee v. Lenning*, No. 18-

1319, 2019 WL 3202164, at *5 (M.D. Pa. July 16, 2019) ("[T]he act of giving statements to the police, even if those statements are false, does not convert a private party to a state actor."); *Dickerson v. DeSimone, Inc.,* No. 09-1551, 2011 WL 3273228, at *3 (E.D. Pa. Aug. 1, 2011) ("Merely calling the police, furnishing information to the police[,] or communicating with a state official does not . . . transform a private entity into a state actor." (citation omitted)). Therefore, Plaintiff's § 1983 claims must be dismissed.

Next, Plaintiff's claims for "[w]itness [i]ntimidation and [t]ampering" appear to arise under criminal law. Compl. ¶ 24 (alleging that Defendants intended "to obstruct legal process and silence protected conduct"); *see, e.g.*, 18 U.S.C. § 1512; N.J. Stat. Ann. § 2C:28-5; *id.* § 2C:28-6. To the extent Plaintiff relies on federal criminal law, federal "criminal statutes do not confer . . . private right[s] of action." *Patterson v. Musk*, No. 24-1159, 2025 WL 1419526, at *2 (D. Del. May 16, 2025) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")); *Palencia v. N. Point Veterans Program-Turning Point*, No. 20-1691, 2020 WL 7059557, at *1 (W.D. Pa. Dec. 2, 2020) ("18 U.S.C. § 1512 is a criminal statute that does not create a private cause of action."). And to the extent Plaintiff relies on state criminal law, the relevant state criminal statutes similarly do not provide private rights of action. *See, e.g.*, *Telzer v. Borough of Englewood Cliffs*, 783 F. App'x 253, 257–58 (3d Cir. 2019) (upholding the grant of summary judgment for defendants on claims of "witness tampering and evidence tampering" in violation of N.J. Stat. Ann. §§ 2C:28-5, 2C:28-6, because those provisions do not "create a private right of action"); *Coull v. Von Ellen*, No. A-3858-21, 2023 WL 8369210, at *5 n.5 (N.J. Super. Ct. App. Div. Dec. 4, 2023) ("Witness tampering is a violation of the criminal code, not a civil cause of action."). Therefore, Plaintiff's witness intimidation and tampering claims must be dismissed.

Finally, Plaintiff's remaining claims—civil conspiracy and defamation—appear to arise under state law, not federal law. *See Frompovicz v. Cnty. of Schuylkill*, No. 24-2042, 2025 WL 2463570, at *6 (M.D. Pa. Mar. 25, 2025) ("[T]here is no federal cause of action for a generalized conspiracy."), *report and recommendation adopted*, No. 24-2042, 2025 WL 2463565 (M.D. Pa. Aug. 26, 2025); *Phila. Gun Club, Inc. v. Showing Animals Respect & Kindness, Inc.*, No. 14-2012, 2016 WL 5674256, at *3 (E.D. Pa. Oct. 3, 2016) ("[T]here is no federal cause of action for conspiracy under common law."); *Dotson v. Trenton Psychiatric Hosp.'s Staff*, No. 16-5233, 2017 WL 2119449, at *6 (D.N.J. May 16, 2017) ("Defamation claims . . . do not arise under § 1983, but instead originate[] in state law.") (citing *McDowell v. Paiewonsky*, 769 F.2d 942, 945 (3d Cir. 1985) (noting that defamation "is fundamentally a state cause of action")). Because Plaintiff alleges that both he and Abou-Shanab are citizens of New Jersey, Compl. ¶¶ 3–4, the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 over these state law claims, *see Mennen Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 290 (3d Cir. 1998) ("[Diversity] jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state."). And without a claim "over which it has original jurisdiction," the Court "declines to exercise supplemental jurisdiction over" Plaintiff's state law claims. *DeCozen Chrysler Jeep Corp. v. Fiat Chrysler Autos., LLC*, No. 22-68, 2022 WL 17094778, at *4 (D.N.J. Nov. 21, 2022) (quoting 28 U.S.C. § 1367(c)).

Accordingly**, IT IS** on this 29th day of October 2026,

**ORDERED** that Plaintiff's IFP application (ECF Nos. 5, 12) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of the date this Memorandum Order is entered. The amended complaint "shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15(b)(2); and it is further

**ORDERED** that if Plaintiff does not timely file an amended complaint, this matter shall be dismissed with prejudice; and it is finally

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED**.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**